IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**NATACHE GUIRMA OKUMU BEY**,

        Plaintiff,

  v.

**ALL BAILIFFS, SHERIFFS, SECURITY PERSONNEL, AND OFFICERS OF THE COURT PRESENT IN DISTRICT COURTROOM 12B ON DECEMBER 5TH AND 6TH, 2018, BETWEEN THE HOURS OF 12 PM AND 3 PM PST**,

        Defendants.

No. 3:18-cv-02221-MO

OPINION AND ORDER

**MOSMAN, J.,**

    This matter comes before me on Plaintiff Natache Guirma Okumu Bey's Amended Complaint [6], and Application for Leave to Proceed in Forma Pauperis (IFP) [2]. For the reasons stated below, Ms. Bey's Amended Complaint is DISMISSED with prejudice and her Application for Leave to Proceed IFP is DENIED as moot.

**STANDARD OF REVIEW**

    Federal law allows courts to authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or

give security therefor." 28 U.S.C. § 1915(a). But section 1915(e) requires the dismissal of an action if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. § 1915(e)(2)(B). Section 1915(e) applies to all persons applying for IFP status, not only prisoners. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

To determine if a complaint states a claim upon which relief may be granted, courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, a complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kernel*, 404 U.S. 519, 520–21 (1972). The court should construe pleadings by pro se plaintiffs liberally and give them the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(2)(B), I previously dismissed Ms. Bey's Complaint [1] for failing to state a claim upon which relief may be granted. Order of Dismissal [4]. My Order

of Dismissal noted that Ms. Bey's Complaint failed to allege facts necessary to state a claim and did not address Defendants' immunity from suit. I allowed her thirty days to file an amended complaint. Ms. Bey filed an Amended Complaint [6] but failed to cure the deficiencies addressed in my Order of Dismissal. Her Amended Complaint is identical to the original complaint except that she prefaces her Amended Complaint with an exposition of her views on the proper role of the judiciary. *See* Am. Compl. [6] at 2. Because it is otherwise the same as the first complaint, the Amended Complaint again fails to allege facts necessary to state a claim and does not address Defendants' immunity from suit.

## CONCLUSION

Because Ms. Bey has not stated a claim upon which relief may be granted, her Amended Complaint [6] is DISMISSED with prejudice. Ms. Bey's Application to Proceed IFP [2] is DENIED as moot.

DATED this _____ day of February, 2019.

Michael W. Mosman
Chief United States District Judge